Citation Nr: 1528176 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 12-24 643 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUE

Entitlement to service connection for posttraumatic stress disorder (PTSD). 


REPRESENTATION

Veteran represented by: Oregon Department of Veterans' Affairs


ATTORNEY FOR THE BOARD

A. Barbier, Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 2006 to September 2007. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2009 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon. 

This matter was previously remanded in September 2013 and in December 2014 for further development. 

In her September 2012 substantive appeal, the Veteran requested a Board hearing before a Veterans Law Judge. The Veteran was notified in a May 2013 letter that a hearing was scheduled for June 2013. The Veteran failed to appear for this hearing. Thus, the hearing request is considered withdrawn. See 38 C.F.R. § 20.704(d) (2014). 

The Board notes that the Veteran is currently service-connected for major depressive disorder. Thus, despite such diagnoses in the record, the issue on appeal has not been expanded. See Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009). 

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems. 


FINDING OF FACT

At no time during, or prior to, the pendency of the claim has the Veteran had a current diagnosis of PTSD. 



CONCLUSION OF LAW

The criteria for service connection for PTSD are not met. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2014). 


REASONS AND BASES FOR FINDING AND CONCLUSION

I. VA's Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). Proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b)(1). 

In addition, the notice requirements of the VCAA apply to all elements of a service-connection claim, including: (1) Veteran status; (2) existence of a disability; (3) a connection between the Veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). Further, this notice must include information that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. Id. 

In Pelegrini v. Principi, 18 Vet. App. 112 (2004), the United States Court of Appeals for Veterans Claims (Court) held that a VCAA notice, as required by 38 U.S.C.A. § 5103(a), must be provided to a claimant before the initial unfavorable AOJ decision on the claim for VA benefits. 

In the instant case, the Board finds that VA has satisfied its duty to notify under the VCAA. Specifically, an August 2008 letter, sent prior to the initial unfavorable decision issued in February 2009, advised the Veteran of the evidence and information necessary to substantiate her service connection claim as well as her and VA's respective responsibilities in obtaining such evidence and information. Additionally, such letter advised her of the information and evidence necessary to establish a disability rating and an effective date in accordance with Dingess/Hartman, supra. 

VA has also satisfied its duty to assist the Veteran in the development of her claim. This duty includes assisting the claimant in the procurement of service and other relevant records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. In the instant case, the Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). In this regard, service treatment records as well as post-service VA treatment records have been obtained and considered. Moreover, the Veteran has not identified any additional, outstanding records that have not been requested or obtained. 

Additionally, the Veteran was afforded VA examinations in December 2008 and March 2015 with respect to her PTSD claim. The Board finds that such VA examinations and opinions are adequate to decide the issue as they were predicated on an interview with the Veteran, a review of the record, and appropriate examinations. In this regard, such examinations failed to reveal a diagnosis of PTSD. Therefore, with respect to this claim, an opinion regarding whether PTSD is related to the Veteran's military service is not necessary to decide the claim. However, with regard to the determination that the Veteran does not meet the diagnostic criteria for PTSD, the Board finds that the examiners considered all of the pertinent evidence of record, to include statements of the Veteran, and provided a complete rationale, relying on and citing to the records reviewed. Moreover, the examiner offered clear conclusions with supporting data as well as reasoned medical explanations connecting the two. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) ("[A]medical opinion ... must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions"). Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination and opinion regarding the issue decided herein has been met. 

As noted in the Introduction, the Board previously remanded this claim in September 2013 and December 2014. The Board finds that the AOJ substantially complied with the remand orders such that no further action is necessary in this regard. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (remand not required under Stegall v. West, 11 Vet. App. 268 (1998), where the Board's remand instructions were substantially complied with), aff'd, Dyment v. Principi, 287 F.3d 1377 (2002). 

In the September 2013 remand, the Board directed the AOJ to contact the Veteran to identify and provide authorization for any non-VA treatment and obtain any outstanding VA records from May 2012 to present. Afterward, the Veteran was to be scheduled for a VA examination to determine if she met the criteria for PTSD and whether such was related to her military service. The AOJ was then to readjudicate the Veteran's claim in a supplemental statement of the case. VA records were associated with the claims file dated from May 2012 until September 2013. A letter was sent to the Veteran in September 2013 advising her to submit information with respect to any private treatment. No response was received. A VA examination was scheduled for September 2013, but the Veteran did not report. The claim was readjudicated in a January 2014 supplemental statement of the case. 

In December 2014, the Board again remanded the claim to schedule the Veteran for a VA examination. In this regard, the Board noted that, while the Veteran failed to report for the previously scheduled examination, there was no indication that she actually received notification of the date, time, and place of that examination. The AOJ was then to readjudiate the claim in a supplemental statement of the case. As noted above, the Veteran underwent VA examination in March 2015. A supplemental statement of the case was issued in April 2015. 

Thus, the Board finds that the AOJ has substantially complied with the September 2013 and December 2014 remand directives such that no further action is necessary in this regard. See D'Aries, supra. 

The Board finds that VA has fully satisfied the duty to assist. In the circumstances of this case, additional efforts to assist or notify the Veteran in accordance with the VCAA would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991) (strict adherence to requirements of the law does not dictate an unquestioning, blind adherence in the face of overwhelming evidence in support of the result in a particular case; such adherence would result in unnecessarily imposing additional burdens on VA with no benefit flowing to the appellant); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (remands which would only result in unnecessarily imposing additional burdens on VA with no benefit flowing to the appellant are to be avoided). VA has satisfied its duty to inform and assist the Veteran at every stage in this case, at least insofar as any errors committed were not harmful to the essential fairness of the proceeding. Therefore, she will not be prejudiced as a result of the Board proceeding to the merits of her claim. 

II. Analysis 

The Veteran contends that she has PTSD as a result of sexual trauma during her military service. She contends that her superior exposed her to unwanted sexual attention and attempted to establish a sexual relationship with her. 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. Id.; also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff'd, 78 F.3d 604 (Fed. Cir. 1996) [(table)]. 

Service connection for PTSD requires medical evidence establishing a diagnosis of the condition in accordance with 38 C.F.R. § 4.125(a) (i.e., the diagnosis must comply with the Fourth Edition of the Diagnostic and Statistical Manual of Mental Disorders, 1994 (DSM-IV)); in certain circumstances, credible supporting evidence that a claimed in-service stressor occurred; and a link, established by medical evidence, between the current symptomatology and the claimed in-service stressor. See 38 C.F.R. § 3.304(f). 

(The Board notes that VA recently updated references in its regulations to the Fifth Edition of the DSM (DSM-V). However, the changes do not apply to claims that were certified for appeal to the Board on or before August 4, 2014. See 80 Fed. Reg. 14,308 (March 19, 2015) (Applicability Date). Inasmuch as the Veteran's appeal was originally certified to the Board in February 2013, the amendments are not applicable.)

Pertinent to a claim for service connection, such a determination requires a finding of current disability that is related to an injury or disease in service. See Brammer v. Derwinski, 3 Vet. App. 223 (1992). The requirement of a current disability is satisfied when the Veteran has a disability at the time he files his service connection claim or during the pendency of that claim, even if the disability resolves prior to adjudication of the claim. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). However, when the record contains a recent diagnosis of disability prior to the Veteran's filing of a claim for benefits based on that disability, the report of the diagnosis is relevant evidence that the Board must address in determining whether a current disability existed at the time the claim was filed or during its pendency. Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). Under applicable regulation, the term "disability" means impairment in earning capacity resulting from diseases and injuries and their residual conditions. 38 C.F.R. § 4.1; see also Hunt v. Derwinski, 1 Vet. App. 292 (1991). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). 

In the present case, the Veteran's service treatment records document a mental health hospitalization in August 2007, which led to her discharge from service. Additionally, the Board finds the Veteran competent to assert what happened in service, specifically the sexual trauma she experienced. See Jandreau v. Nicholson, 492 F.3d 1372, 1977 (Fed. Cir. 2007). However, as discussed below, the Veteran does not have a current diagnosis of PTSD at any time during, or prior to, the pendency of her claim. As such, her claim must be denied. 

In this regard, service treatment records from the Veteran's August 2007 mental health hospitalization revealed a diagnosis of adjustment disorder. A December 2008 VA examiner noted that the Veteran was exposed to unwanted sexual attention in the form of an attempt to establish a sexual relationship, with initiating of touching that made the Veteran uncomfortable. The examiner noted PTSD symptoms consisting of recurrent and intrusive distressing recollections of the event; recurrent distressing dreams of the event; intense psychological distress at exposure to internal or external cures that symbolize or resemble an aspect of the traumatic event; an effort to avoid thoughts, feelings, or conversations associated with the trauma or that arouse recollections of the trauma; markedly diminished interest or participation in significant activities; feelings of detachment or estrangement from others; restricted range of affect; difficulty falling or staying asleep; irritability or outbursts of anger; and difficulty concentrating. 

The examiner noted the Veteran's military sexual trauma as her in-service stressor. The examiner found that using PCL-C testing, the Veteran's score fell short of that which is associated with PTSD. Using other testing, the examiner found the Veteran had a positive PTSD score. However, the VA examiner concluded that the Veteran did not meet the DSM-IV criteria for a diagnosis of PTSD. 

A March 2010 VA examiner noted a diagnosis of major depressive disorder. VA treatment records dated in June 2010 noted a DSM-IV diagnosis of PTSD resulting from military sexual trauma. The same was noted in June 2011, despite a negative PTSD screen at that time. A May 2012 VA examination report noted a diagnosis of major depressive disorder. At such time, the examiner determined that the Veteran did not have more than one mental disorder diagnosed. VA treatment records dated in June 2014 also noted a DSM-IV diagnosis of major depressive disorder. A PTSD screen at that time was negative. An October 2014 VA examination also noted no other psychiatric diagnosis besides major depressive disorder. 

Finally, a March 2015 VA examination report noted the Veteran's symptoms did not meet the diagnostic criteria for PTSD under the DSM IV or DSM V. In this regard, the VA examiner found that the Veteran's claimed stressor related to sexual assault was not adequate to support a PTSD diagnosis. The examiner found the Veteran had symptoms including depressed mood; chronic sleep impairment; mild memory loss; flattened affect; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships; impaired impulse control; and neglect of personal appearance and hygiene. However, the examiner determined that, although the Veteran's claim was for PTSD, an anxiety disorder, she appeared to be more depressed than anxious. 

The examiner further stated that, although the Veteran was sexually harassed in service by a superior, she did not have PTSD as she did not meet the full criteria under the DSM-IV or DSM-V. The examiner noted that she disagreed with a diagnosis of PTSD given in 2008 when the Veteran was adjusting to civilian life. Rather, the examiner determined that the Veteran was adjusted and the remaining residuals are that of a mood disorder, specifically major depression. 

Based on the foregoing, the Board finds that the preponderance of the evidence is against a finding that the Veteran has had PTSD at any time during, or prior to, the pendency of her claim. In this regard, the Board accords great probative weight to the March 2015 VA examiner's opinion as such was predicated on an interview with the Veteran, a longitudinal review of the record, and a mental status examination. Additionally, the VA examiner commented on the evidence of record with respect to the Veteran's psychiatric diagnoses in finding that she did not meet the criteria for a PTSD diagnosis. Moreover, the opinion offered by the examiner considered all of the pertinent evidence of record and provided a complete rationale, relying on and citing to the records reviewed. See Nieves-Rodriguez, supra; Stefl, supra.

The Board further finds that the other evidence of record is consistent in finding that the Veteran does not have a diagnosis of PTSD. In this regard, the Board observes that, if a Veteran has received a diagnosis of PTSD from a competent medical professional, VA must assume that the diagnosis was made in accordance with the appropriate psychiatric criteria in regard to the adequacy of the symptomatology and the sufficiency of the stressor. Cohen v. Brown, 10 Vet. App. 128, 153 (1997). VA can only reject such a diagnosis on a finding that the preponderance of the evidence is against (1) the PTSD diagnosis, (2) the occurrence of the in-service stressor, or (3) the connection of the current condition to the in-service stressor. The adequacy of a stressor, sufficiency of symptomatology, and diagnosis are all medical determinations. Cohen, 143-44. In the instant case, the Board finds that, while a PTSD diagnosis is found in the Veteran's VA treatment records, there is no indication of what DSM criteria is met. Furthermore, it is not clear if such a diagnosis was based on the Veteran's full medical history and compatible symptomatology. The Board also notes that the Veteran's diagnosis was changed to major depressive disorder in June 2014 with no explanation or rationale for the change provided. Thus, the Board finds that the VA opinions dated in December 2008 and March 2015 are more probative evidence of the Veteran's lack of a PTSD diagnosis, as the examination reports directly address the DSM criteria in concluding that the Veteran's symptoms do not conform to a PTSD diagnosis thereunder. Furthermore, they included consideration of the Veteran's medical history and treatment, including the VA treatment records and private psychological evaluation, and were based on an in-person interview with the Veteran. 

The Board has also considered the Veteran's assertions that she has PTSD related to her in-service sexual trauma. The Veteran, as a layperson, is certainly competent to report matters within her personal knowledge, such as the occurrence of an injury or event, or her own symptoms. See, Jandreau, supra; Buchanan v. Nicholson, 451 F.3d 1331, 1336 (Fed. Cir. 2006). However, she has not demonstrated that she is an expert in determining psychiatric diagnoses and their etiology and is a layperson in this regard. While it is in error to categorically reject layperson nexus evidence as incompetent, the Board is allowed to consider the facts of a particular case to determine the layperson's competence. See Davidson v. Nicholson, 581 F.3d 1313 (Fed. Cir. 2009). One factor to consider is the complexity of the question to be determined. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007) (providing an example at footnote 4 that a layperson would be competent to diagnose a simple condition such as a broken leg but not to diagnose a form of cancer). 

In this regard, the Board finds that the diagnosis of a psychiatric disorder is a complex question that requires medical expertise. See Woehlaert v. Nicholson, 21 Vet. App. 456 (2007) (although the claimant is competent in certain situations to provide a diagnosis of a simple condition such as a broken leg or varicose veins, the claimant is not competent to provide evidence as to more complex medical questions). Specifically, the diagnosis and etiology of a psychiatric disorder requires the administration and interpretation of psychological testing, knowledge of the psyche, and the way trauma affects psychological functioning. Thus, the Veteran's statements are afforded no probative value, and the competent, probative evidence of record supports a finding that the Veteran does not have a PTSD diagnosis. 

The Board finds that service connection for PTSD cannot be established, as the Veteran does not have a current diagnosis of such during the pendency of her claim. Furthermore, the record does not contain a recent diagnosis of PTSD prior to the Veteran's filing of a claim. See McClain, supra; Romanowsky, supra. Thus, where, as here, there is no competent, probative evidence indicating that the Veteran has the disability for which service connection is sought, there can be no valid claim service connection. See Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer, supra. 

For all the foregoing reasons, the Board finds that service connection for PTSD must be denied. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim, that doctrine is not applicable. See 38 U.S.C.A. § 5107' 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Service connection for PTSD is denied. 



____________________________________________
A. JAEGER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs